**Andrie MATONDANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70367.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

Andrie Matondang, Los Angeles, CA, pro se.

David V. Bernal, Esquire, OIL, Russell J.E. Verby, Esquire, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON and M. SMITH, Circuit Judges.

## MEMORANDUM **

Andrie Matondang a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dis-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we deny the petition for review.

■ Even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004), applies to Indonesian Christians and applies in the context of withholding of removal, substantial evidence supports the agency's determination that Matondang failed to demonstrate that it was more likely than not he will be persecuted on account of his religion if he returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d at 1180–81.

■ Substantial evidence also supports the agency's determination that Matondang is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**